

D/F

✱ NOV 10 2005 ✱

BROOKLYN OFFICE

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | Mary O'Flynn<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-0886<br>Fax: (212) 788-9776 |
|---|---|---|

November 7, 2005

<u>BY ECF AND COURTESY COPY BY HAND</u>
Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Andres Castro v. City of New York, et al.</u>, 05 CV 4687 (JG) (JMA)

Dear Magistrate Judge Azrack:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the supervising attorney for defendant City of New York ("City"). This case has been assigned to Assistant Corporation Counsel Basil C. Sitaras, who is presently awaiting admission to the bar and is handling this matter under supervision. Mr. Sitaras may be reached directly at (212) 788-0422. I am writing with the consent of plaintiff's counsel Edward Sivin, Esq., to respectfully request a sixty-day enlargement of time, from November 9, 2005, to January 9, 2006, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

The complaint alleges, inter alia, that plaintiff was falsely arrested and imprisoned and subjected to excessive force. In addition to the City of New York, the complaint purports to name Ronald Thomas, Craig Schofield, Kevin O'Donnell, and Daniel Galvani as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. Each named defendant must then decide whether he or she wishes to be represented by this office. If so, we must obtain his or her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 854-65 (2d Cir.

1985) (quoting <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until January 9, 2006.

Thank you for your consideration in this regard.

Respectfully submitted,

*Mary O'Flynn*

Mary O'Flynn (MO 8688)
Senior Counsel
Special Federal Litigation Division

cc:   <u>BY ECF & FAX</u>
      Edward Sivin, Esq.
      Sivin & Miller, LLP
      170 Broadway, Suite 600
      New York, NY 10038
      Fax: (212) 406-9462

*App granted*

s/Joan M. Azrack

*USDJ 11/7/05*

[Stamp: CORP. COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT]

2